UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLES E. WASHINGTON,

    Petitioner,

v.    Case No. 3:15-cv-1397-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
    Respondents.

## ORDER

### I. Status

Petitioner Charles Washington, an inmate of the Florida penal system, initiated this action on November 9, 2015,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Washington is proceeding on an Amended Petition (Amended Petition; Doc. 8), filed on February 18, 2016. In the Amended Petition, Washington challenges a 1991 state court (Duval County, Florida) judgment of conviction for robbery with a weapon. Washington raises three grounds for relief. See Doc. 8 at 5-8.[2] Respondents have submitted a motion to dismiss both the Petition, see Motion to Dismiss (Mot. Dismiss; Doc. 18) with exhibits (Mot. Dismiss Ex.), and the Amended Petition. See Amended Motion to Dismiss (Am. Mot. Dismiss; Doc. 24). Washington submitted a brief in reply on June 1, 2017. See Petitioner's Response to State's Amended Motion to Dismiss. (Reply; Doc. 26). This case is ripe for review.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), the United States Supreme Court held that a claim of actual innocence, if proven, provides an equitable exception to the one-year statute of limitations. The United States Supreme Court explained:

> We hold that actual innocence, if proved, serves as a gateway
> through which a petitioner may pass whether the impediment
> is a procedural bar, as it was in Schlup[3] and House,[4] or, as
> in this case, expiration of the statute of limitations. We
> caution, however, that tenable actual-innocence gateway
> pleas are rare: "[A] petitioner does not meet the threshold
> requirement unless he persuades the district court that, in light
> of the new evidence, no juror, acting reasonably, would have
> voted to find him guilty beyond a reasonable doubt." Schlup,
> 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S. at 538,
> 126 S.Ct. 2064 (emphasizing that the Schlup standard is
> "demanding" and seldom met). And in making an assessment
> of the kind Schlup envisioned, "the timing of the [petition]" is a
> factor bearing on the "reliability of th[e] evidence" purporting
> to show actual innocence. Schlup, 513 U.S., at 332, 115 S.Ct.
> 851.

Id. at 386-87.

Respondents contend that this action is untimely. Doc. 24 at 4-12. In his Reply, Washington counters that to dismiss this action as untimely would result in a manifest injustice because he is in prison for a crime that never occurred. Doc. 26 at 3. According to Washington, he "is not arguing that a robbery or an attempted robbery did not take place, [but] he is arguing that no weapon was ever discovered." Id. Washington claims that unspecified police reports provide newly discovered exculpatory evidence that he did not possess a weapon during the commission of the robbery. Id. at 4. The following procedural history is relevant to the one-year limitations issue.

On September 27, 1991, by way of amended Information, the State of Florida charged Washington with armed robbery. Mot. Dismiss Ex. A at 29. Washington proceeded to a jury trial in November of 1991, at the conclusion of which, on November 13, 1991, the jury found him guilty of robbery with a weapon. Id. at 48. On November 26,

---

[3] Schlup v. Delo, 513 U.S. 298 (1995).
[4] House v. Bell, 547 U.S. 518 (2006).

3

1991, the circuit court sentenced Washington as a habitual violent felony offender to a life term of incarceration, with a fifteen-year minimum mandatory. Id. at 62-65. On April 21, 1993, Florida's First District Court of Appeal (First DCA) per curiam affirmed Washington's conviction and sentence without a written opinion. Mot. Dismiss Ex. C at 24. The First DCA issued the Mandate on June 8, 1993. Id. at 23.

As Washington's judgment of conviction and sentence became final before the April 24, 1996 effective date of AEDPA, the one-year limitations period in Washington's case began to run on April 24, 1996, and expired on April 24, 1997. See Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) ("The limitations period would have ended on April 24, 1997, the anniversary date of the triggering event, which was AEDPA's effective date."). Accordingly, Washington's Petition filed on November 9, 2015, is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

On December 9, 1996, 229 days after the one-year limitations period began to run, Washington filed a federal petition for writ of habeas corpus in this Court. Mot. Dismiss Ex. at D. However, contrary to Respondents' contention that Washington's first federal habeas petition tolled the statute of limitations, see Doc. 24 at 5-6, the filing of this federal habeas petition did not toll the AEDPA one-year statute of limitations. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2) and does not toll the limitations period). Therefore, Washington's one-year limitations period continued running without being tolled until it expired on April 24, 1997. Id.; Ferreira, 494 F.3d at 1289 n.1. Washington did not file a collateral challenge to his

judgment in any court until April 22, 2001, when he filed a Motion to Correct an Illegal Sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) on April 22, 2001. Mot. Dismiss Ex. C at 1-14. Accordingly, this action is untimely. See 28 U.S.C. § 2244(d).[5]

In his Amended Petition and Reply, Washington alleges a manifest injustice will occur if the Court does not reach the merits of the Amended Petition. Doc. 8 at 10; Doc. 26 at 3-5. To the extent the Court can construe this as a claim of actual innocence under McQuiggin, the Court finds this argument meritless. To make a showing of actual innocence, Washington must show "that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327. Here, Washington has not offered any new reliable evidence that was not available at the time of his trial. He has not produced exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not available at the time of his trial. To the extent Washington alleges a police report provides exculpatory evidence, he has neither produced a copy of the report for the Court's review nor directed the Court to where a copy of the report could be located. As such, Washington has not met his burden to prove he is actually innocent. See McQuiggin, 569 U.S. at 386.

Moreover, it appears that Washington asserts that the evidence at trial was insufficient to prove he had a weapon during the commission of the robbery. See Doc. 26 at 3. However, a sufficiency of the evidence argument is distinctly different from an actual-

---

[5] The Court dismissed Washington's federal habeas petition without prejudice by order dated December 29, 1997, after Washington failed to respond to an Order to Show Cause why the case should not be dismissed for failure to prosecute. See Washington v. Singletary, et al., 3:96-CV-01239-WTH-T_C, Docket Numbers 8 and 9. Thus, even if the filing of that habeas petition had somehow tolled the limitations period, he still would have filed the instant Petition years after the limitation period expired.

innocence argument and is not enough to satisfy McQuiggin because it does not entail the review of new evidence. See McQuiggin, 569 U.S. at 386-87; Moore v. Frazier, 605 F. App'x 863, 868 (11th Cir. 2015) (finding petitioner's insufficiency of the evidence argument did not constitute actual innocence for purposes of excusing his untimely federal habeas petition). Washington has not met the high bar of providing new evidence that supports factual innocence. Indeed, Washington has failed to point to any evidence to demonstrate that it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence. As Washington has not provided new evidence establishing that he is actually innocent of the crime, this is not an "extraordinary" case under the Schlup standard. See House, 547 U.S. at 538.

Washington has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Washington seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Washington "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v.

Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' Amended Motion to Dismiss (Doc. 24) the case as untimely is **GRANTED**, the Amended Petition (Doc. 8) is **DISMISSED AS UNTIMELY**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Amended Petition and dismissing this case with prejudice.

3. If Washington appeals the denial of the Amended Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of October, 2018.

MARCIA MORALES HOWARD
United States District Judge

Jax-8

C: Charles E. Washington, #065432
Michael McDermott, Esq.